# Pennsylvania Railroad Co. *versus* Stranahan.

In an action against a railroad company for burning a barn by sparks from the engine, there was evidence that the fire commenced at or near the railroad track, and that engines had passed shortly before the barn was fired, raising the presumption that it was fired by sparks from an engine, the particular one not being known.　*Held*, that evidence by a witness living nineteen miles from the barn that it was a common occurrence for engines about where he lived to set fire for rods from the track, was admissible.

October 22d 1875.　Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Erie county :* Of October and November Term 1874, No. 230.

This was an action on the case, brought by John D. Stranahan, against the Pennsylvania Railroad Company, for the burning of the barn of the plaintiff by sparks thrown from one of defendants' locomotives.

The plaintiff owned a farm about twenty-three miles from the city of Erie, through which the Philadelphia and Erie Railroad, operated by the defendants, is constructed.　On the 6th of November 1867, the barn of the plaintiff was burned, as he alleged, by sparks from one of defendants' engines.

The evidence was that between two and three o'clock in the afternoon, the plaintiff's barn was discovered to be on fire; two

[Pennsylvania Railroad Co. *v.* Stranahan.]

trains had passed about noon ; the barn was about one hundred and fifty feet from the railroad. The fire appeared to have commenced at the fence on the road, and burned over the field to the barn. The sparks falling set fire in many places along the road.

The plaintiff proposed to show by a witness that he lived four miles from the court house, on the line of the railroad, and also to show by him the extent to which the locomotives on the road, going east on or about the 9th of November 1867, threw sparks from the smoke-stacks of same.

Objected to by defendant for the reason that the location of the witness and his knowledge of the facts is too remote from the place where the injury is said to have occurred.

The court (Wetmore, P. J.) admitted the evidence and sealed a bill of exceptions for defendants.

The witness said " it is a common occurrence for the engines to throw sparks and set fire for rods from the railroad track. They were from a pea to a walnut in size. It appeared worse sometimes than others. They were usually freight trains. Sometimes passenger trains. It is heavy grade past my place."

There was other evidence that there were fires in many "places" on the day the barn was burned.

The verdict was for the plaintiff for $1392.40.

The defendants took a writ of error and assigned for error the admission of the evidence objected to.

*J. R. Thompson,* for plaintiff in error.

*W. Benson,* for defendant in error, cited Frankf. & B. Turnpike Co. *v.* Phila. & T. Railroad Co., 4 P. F. Smith 345 ; Selden *v.* Hudson R. Railroad Co., 4 N. Y. 218 ; Chesterfield *v.* N. Y. Central Railroad Co., 32 Id. 339 ; Huyett *v.* Phila. & R. Railroad Co., 11 Harris 373 ; 1 Redfield on Railways 454, 455 ; Shearman & Redfield on Negligence 380.

Judgment was entered in the Supreme Court, November 1st 1875,

PER CURIAM.—This was not a case where a certain engine had thrown out the sparks which set fire to the plaintiff's barn, but it was where the engine was unknown, yet the cause of the fire was clearly traced to the railroad track, and left the belief that some one of the engines of the defendants had emitted the coals which set the barn on fire. It, therefore, became necessary to establish the fact by such proof as rendered the belief a certain fact. This could be done, not by the proof that a certain engine emitted sparks incessantly, for *non constat* that this particular engine had passed the plaintiff's premises on that day. Hence it was necessary to permit the party to show that the emitting of coals and sparks in

[Pennsylvania Railroad Co. v. Stranahan.] ·

unusual quantities was frequent and permitted to be done by a number of engines. The range of the evidence in this respect of necessity carried it to a greater range as to locality also. We cannot say that the court below committed any error in the admission of the evidence assigned for error.

Judgment affirmed.